UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

———————————————————————————————————

KHOR CHIN LIM,

               Plaintiff,

               v.                          Case No.  12-C-0296

MARVIN HELLENBRAND, SCOTT WALKER,
ROBERT COWLES, ALBERTA DARLING,
MICHAEL ELLIS, SCOTT FITZGERALD,
GLEN GROTHMAN, SHEILA HARSDORF,
NEAL KEDZIE, FRANK LASEE,
MARY LAZICH, JOE LIEBHAM,
TERRY MOULTON, LUTHER OLSEN,
DALE SCHULTZ, LEAH VUKMIR,
VAN WANGGAARD, RICH ZIPPERER,
JC PROPERTY MANAGEMENT LLC,
JUDGE RUDOLPH T. RANDA,
MITT ROMNEY, RAY KORITZINSKY,
SHELLY THEIL, DOES *sued as Does 1 through 18, inclusive,*

               Defendants.

———————————————————————————————————

DECISION AND ORDER DENYING MOTION FOR TRO (DOC. 2), AMENDING
CAPTION, REJECTING PROPOSED AMENDED COMPLAINT (DOC. 58), DENYING
MOTION TO SET ASIDE SERVICE (DOC. 62), DENYING AS MOOT MOTION TO
DISMISS AND STAY (DOC. 69), GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS (DOC. 43), DISMISSING CLAIMS AGAINST CERTAIN
DEFENDANTS, GRANTING KORITZINSKY'S AND HELLENBRAND'S MOTIONS TO
DISMISS (DOCS. 20, 45), DENYING AS MOOT LIM'S MOTIONS AND AMENDED
MOTIONS FOR SUMMARY JUDGMENT (DOCS. 13, 33, 59, 60) AND
KORITZINSKY'S MOTION TO STRIKE (DOC. 23), DENYING MOTION FOR ENTRY
OF DEFAULT AND DEFAULT JUDGMENT (DOC. 63), DISMISSING ALL CLAIMS
AGAINST ALL DEFENDANTS OTHER THAN THIEL, AND DIRECTING LIM TO SHOW
CAUSE WHY HE SHOULD NOT BE SANCTIONED UNDER RULE 11

      Khor Chin Lim has filed many cases against multiple defendants, generating a

growing list of motions consuming the time of attorneys and tribunals.  The cases require

the expenditure of a fair amount of Lim's money, as he has paid the filing fee of $350 for

each case.  While, to date most of Lim's complaints have been meritless, and the various

motions which have been addressed have been analyzed by the court to see if they contain any potential matters that should continue. Consequently, this Decision and Order addresses twelve pending motions in this case and Lim's proposed amended complaint. In the end, all of Lim's claims are dismissed except for those against one defendant, Shelly Thiel.[1]

## EX PARTE MOTION FOR TRO

Lim's pending complaint asserts that Wisconsin Governor Scott Walker conspired with a University of Wisconsin-Madison police officer, Shelly Thiel, to arrest Lim on March 22, 2012, in the Wisconsin law school building. It charges that Walker is liable for false arrest and for violating Lim's Fourth Amendment rights. (Compl. at 10, 17-18.) An Ex Parte Motion for Temporary Restraining Order was filed with the complaint seeking to restrain and enjoin Walker and his agents, employees, successors, attorneys, and other persons in concert with him, from "harassing and arresting or otherwise contacting plaintiff, and from initiating any kind of prosecution arising from the false arrest." (Mot. for TRO at 1.)

To obtain a TRO, Lim bears the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Medical Mut.*, 130 F.3d 293, 295 (7th Cir. 1997). If Lim satisfies this initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving

---

[1]The court notes that although Lim spelled Thiel's name as "Shelly Theil" in the caption, he spelled the last name "Thiel" elsewhere in the complaint. More reliably, Thiel's attorney has spelled the name "Thiel." The caption will be amended accordingly.

2

party if the injunction is denied. *Id.* The court also must consider the effect of the injunction on nonparties. *Id.*

Lim fails to establish the first or third elements. Regarding a likelihood of success on the merits, Lim's complaint fails to state a claim against Governor Walker as discussed below. Also, Lim fails to persuade the court that he will suffer irreparable harm if injunctive relief is denied. The law already prohibits unconstitutional conduct by Walker, his employees and agents; an injunction prohibiting them from violating the law adds little. Moreover, Lim offers no facts suggesting he will have any future interaction with Walker, or even with Thiel. For instance, he mentions no ongoing incidents involving a defendant.

For these reasons, the motion for TRO will be denied.

## PROPOSED AMENDED COMPLAINT
## AND SECOND MOTION TO DISMISS BY STATE OFFICIALS

Several defendants filed motions to dismiss the complaint. Thereafter, Lim filed a proposed amended complaint. Whether the motions to dismiss should be denied as moot depends on whether the amended complaint will be permitted.

The complaint which is now before the court was filed on March 26, 2012. The proofs of service indicate that at least two defendants were served with the complaint on March 29, 2012. (*See* Docs. 28, 29, 30, 31.) Defendant Marvin Hellenbrand filed an answer on April 12, 2012. More than a month later, on May 21, 2012, Lim filed the proposed amended complaint.

A plaintiff may amend his complaint once as a matter of course within twenty-one days after service of the complaint or within twenty-one days after service of an answer or

3

motion under Fed. R. Civ. P. 12. Fed. R. Civ. P. 15(a). Otherwise, amendment requires consent of the opposing parties or court permission.

As noted above, Lim's proposed amended complaint was filed after the time for amendment expired. Therefore, court approval or a stipulation from the defendants to file the amended complaint is required before the initial complaint will be substituted. Lim obtained neither; nor did he file a motion seeking leave to amend. Therefore, the amendment was not effective when filed. Moreover, any request for leave to amend would be futile. Although leave to amend a pleading generally is given freely, *see* Fed. R. Civ. P. 15(a)(2), the court may deny amendment for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

The proposed amended complaint adds two defendants: Wisconsin Attorney General J.B. Van Hollen and University of Wisconsin-Madison Law School Dean Margaret Raymond. Lim accuses Van Hollen of representing Governor Walker and the defendant state senators without authority and without entering a notice of appearance. However, these allegations do not state a claim against Van Hollen. Indeed, they are patently frivolous. Van Hollen is the Wisconsin Attorney General. Although court documents are filed with his name, Assistant Attorney General Crystal Banse is the attorney who is actually defending Walker and the state senators. (*See* Docs. 7, 8, 43, 69.) The record shows that Banse filed a notice of appearance on behalf of Walker and Thiel. Though she did not file a notice of appearance on behalf of the state senators and Van Hollen, she filed a motion on their behalf, and it is plainly apparent that she represents them. Lim fails to

4

cite any legal authority supporting his view that Van Hollen must file a notice of appearance personally in such circumstances.

Wis. Stat. § 165.25(1m) and (6) provides the legal authority for Van Hollen and his employees, such as Banse, to represent state officials and employees. Section 165.25(1m) allows the state department of justice to,

> [i]f requested by the governor or either house of the legislature, appear for and represent the state, any state department, agency, official, employee or agent, whether required to appear as a party or witness in any civil or criminal matter, and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people of this state may be interested.

Further, Van Hollen as attorney general (and impliedly his employees) may, at the request of the head of any Wisconsin state government department,

> appear for and defend any state department, or any state officer, employee, or agent of the department in any civil action or other matter brought before a court or an administrative agency which is brought against the state department, or officer, employee, or agent for or on account of any act growing out of or committed in the lawful course of an officer's, employee's, or agent's duties.

Wis. Stat. § 165.25(6)(a). Thus, Attorney Banse may appear on behalf of the Governor and state legislators as well as on behalf of Thiel regarding acts occurring in the course of her state job.

The appearance of the Attorney General's office indicates that the State of Wisconsin has found that it has the duty to represent the state defendants in this case, and the court takes judicial notice of the routine nature of such appearances on behalf of state employees in federal litigation.

Next, Lim seeks to add allegations against Margaret Raymond, Dean of the University of Wisconsin Law School. The assertions against Dean Raymond are as

5

follows:  "Defendant Margaret Raymond via a letter of March 30th, 2012 maliciously and falsely accused plaintiff of being cited by University of Wisconsin-Madison police and carbon copied the letter to the University of Wisconsin-Madison Police department."  (Proposed Am. Compl. ¶ 36a.)  Lim claims this was libel.

> Under Wisconsin law, the elements of a common law action for defamation are:
>
> (1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

*Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472 (1997) (internal quotation marks omitted); *accord Ladd v. Uecker*, 2010 WI App 28, ¶ 8, 323 Wis. 2d 798, ¶ 8, 780 N.W.2d 216, ¶ 8.  Lim fails to state facts that satisfy the third element.  If the statement by Raymond was not true, Lim's complaint contends that Raymond sent her letter to the very entity that would know that it was untrue.  Therefore, Lim's reputation would not be harmed at all, nor would anyone at the police department be deterred from dealing with Lim.

To the extent Lim contends Van Hollen or Raymond conspired with, aided or abetted other defendants, he offers no facts to support those accusations.  Thus, for various reasons set forth above, the proposed amended complaint is legally insufficient and could not survive a motion to dismiss for failure to state a claim.  Hence, the court declines to grant Lim leave to file the proposed amended complaint.  Consequently, the second motion to dismiss filed by the state senator defendants and to stay proceedings (but the first motion to dismiss by Van Hollen) (Doc. 69) is moot.

6

## LIM'S MOTION TO SET ASIDE
## AND THE MOTION TO DISMISS OF THE STATE LEGISLATORS

Lim moves to "set aside" the motion to dismiss filed by the state defendants on May 4, 2012, because Van Hollen did not file or serve a notice of appearance. For the reasons discussed above, Van Hollen did not have to file an appearance in this case personally. The motion to set aside the motion to dismiss will be denied.

Lim names Robert Cowles, Alberta Darling, Michael Ellis, Scott Fitzgerald, Glenn Grothman, Sheila Harsdorf, Neal Kedzie, Frank Lasee, Mary Lazich, Joe Leibham, Terry Moulton, Luthor Olson, Dale Schultz, Leah Vukmir, Van Wanggaard, and Rich Zipperer in the caption of his complaint and in paragraph 3a, merely stating that these individuals "are congressman [sic] of Wisconsin and are residents of Wisconsin." (Doc. 1 ¶ 3a.) Thereafter, he fails to set forth any facts indicating why these individuals may be held liable in this case. The court takes judicial notice that each of these persons is (or was until recently in the case of Wanggaard) a Wisconsin State Senator.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Hence, enough facts must be set forth to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [him]self out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14). Legal conclusions and conclusory

allegations simply reciting the elements of a claim are not sufficient to withstand Rule 12(b)(6) scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Lim has failed to assert any facts whatsoever, let alone plausible facts to justify maintenance of claims against these state legislators. The failure to set forth any facts involving these individuals means Lim has failed to state a claim against them. He has set forth no facts indicating any connection of these defendants to him or this case. Thus, the motion to dismiss by these defendants will be granted.

CLAIMS AGAINST RANDA, ROMNEY AND THE DOES

For reasons already discussed, the court does not need to wait for service upon and an appearance by Judge Rudolph Randa or presidential candidate Mitt Romney to dismiss claims against them. The complaint does not include any facts (let alone any plausible facts) indicating that these individuals harmed Lim or that Lim has any cognizable legal claim against them.

As for Does 1 through 18, the complaint falls short yet again and fails to state a claim. Therefore, all claims against Doe defendants will be dismissed.

Lim believes incorrectly that his payment of the filing fee insulates his complaints from dismissal for frivolousness or failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). He is wrong. In *Rowe v. Shake*, the Seventh Circuit stated that under § 1915(e)(2)(B) a district court has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status," even before service on the defendants. 196 F.3d 778, 783 (7th Cir. 1999).

8

## KORITZINSKY'S MOTION TO DISMISS, HELLENBRAND'S MOTION TO DISMISS, AND LIM'S MOTIONS AND AMENDED MOTIONS FOR PARTIAL SUMMARY JUDGMENT

In the complaint, Lim contends that Marvin Hellenbrand was his landlord in Madison, Wisconsin, and sued Lim in an eviction action in Dane County Circuit Court. Lim says Hellenbrand obtained a default judgment against Lim and a writ of execution, the sheriff took over the apartment unit, and defendant JC Property removed Lim's belongings from the premises. Then, Hellenbrand improperly charged electricity to Lim's bill after recovering possession. (Doc. 1 ¶¶ 20, 21, 23a.)

Lim claims here that he was not properly served with the complaint in the eviction case, the complaint in the eviction case did not state a cause of action, the default judgment was void, and the state court's denial of Lim's motion to set aside the default judgment was "infirm." (Doc. 1 ¶ 25a.) According to the complaint here, Hellenbrand "maliciously refused" to vacate the default judgment. (*Id.* ¶ 27.) Moreover, the defendants "converted" Lim's property from the apartment and caused the loss of paperwork. (*Id.* ¶¶ 31, 33a.) Lim adds that he has suffered damages from the conversion to the tune of "61.678 billions." (*Id.* ¶ 37.) Plus, Hellenbrand reported the eviction to credit bureaus, causing Lim difficulty in finding new accommodations. (*Id.* ¶ 38.) Continuing, Lim asserts that Hellenbrand committed conversion, breach of contract, trespass, illegal eviction, retaliatory eviction, intentional infliction of emotional distress, defamation, invasion of privacy, aiding and abetting, conspiracy, abuse of legal process, and malicious prosecution.

According to the complaint, Ray Koritzinsky (whose name is actually Jay Koritzinsky—the caption will be amended accordingly) is an attorney who appeared on

9

behalf of defendant Hellenbrand in the eviction case. Lim contends that Koritzinsky failed to serve Lim with written notice of appearance until *after* Koritzinsky appeared in court, causing Lim harm. (*See* Compl. at 2-3.) Lim accuses Koritzinsky of interfering with his contract with Hellenbrand, intentional infliction of emotional distress, aiding and abetting other defendants, conspiracy, and abuse of legal process and malicious prosecution. (Compl. at 15, 19-20.)

Koritzinsky moves to dismiss for lack of subject matter jurisdiction or failure to state a claim. Hellenbrand seeks dismissal for the same reasons, adopting Koritzinsky's brief as his own. Meanwhile, Lim twice moved for partial summary judgment against these two defendants then amended each motion for partial summary judgment. Although the court will not discuss the partial summary judgment motions, it has considered the arguments he made in those briefs. In other words, the court has considered all of Lim's filings regarding the claims against Hellenbrand and Koritzinsky.

Although Hellenbrand does not mention the *Rooker-Feldman* doctrine in his motion, the doctrine bars most of Lim's claims against him. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The court raises the doctrine because it is one of subject matter jurisdiction, which the court can raise at any time. Moreover, Koritzinsky (and Hellenbrand by adoption) moved for dismissal based on lack of subject matter jurisdiction and discussed arguments similar to *Rooker-Feldman* arguments under the doctrine of issue preclusion.

Pursuant to the doctrine, federal district and appellate courts lack subject matter jurisdiction to review state court decisions; only the U.S. Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake Cnty. Bd. of Comm'rs*,

10

408 F.3d 335, 336 (7th Cir. 2005). District courts have no jurisdiction over "challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). The doctrine precludes lower federal courts from exercising jurisdiction "when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336.

Most of the contentions regarding Hellenbrand challenge the state court's judgment in the eviction case and asks this court to reject it or to find it invalid. Lim calls Hellenbrand's actions a breach of their rental contract, even though the state court ordered that he be evicted from leased premises. Lim seeks to have the removal of his property from the premises by Hellenbrand declared a conversion, though the removal was permitted by the state court. Moreover, Lim asks that Hellenbrand be deemed a trespasser because he "knew there [was] no valid eviction as the judgment was void." (Doc. 1 ¶ 47.) In addition, Lim accuses Hellenbrand of defamation for reporting the eviction to credit bureaus claiming there "was no valid eviction." (*Id.* ¶ 68.) The alleged intentional infliction of emotional distress apparently relates to the eviction and Lim acknowledges that "[i]n relation to all Counts pleaded against defendant Hellenbrand, the gist is the default judgment is void and the subsequent related actions based on the void judgment is [sic] void." (Doc 65 at 4.)

11

In short, Lim filed suit here against Hellenbrand complaining of injury caused by a state-court judgment. He seeks this court's review and rejection of the judgment, which this court cannot do. Thus, all such claims are barred by *Rooker-Feldman*.

On the other hand, the abuse of legal process or malicious prosecution claims against Hellenbrand and Koritzinsky perhaps survive the *Rooker-Feldman* bar, yet Lim's assertions fail to state claims for such relief. One of the six elements of a malicious prosecution claim is that the prior eviction proceedings terminated in Lim's favor. *See Krieg v. Dayton-Hudson Corp.*, 104 Wis. 2d 455, 460-61, 311 N.W.2d 641, 643-44 (1981); *Wis. Pub. Serv. Corp. v. Andrews*, 2009 WI App 30, ¶ 23, 316 Wis. 2d 734, ¶ 23, 766 N.W.2d 232, ¶ 23. But the complaint and reply brief make it clear that the eviction judgment stands against him. Thus any malicious prosecution claim fails. (*See* Doc. 41 at 4.)

The tort of abuse of process is characterized as an attempt to use process as a means of extortion. *Id.* ¶ 19. An abuse of process claim requires: "(1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process." *Strid v. Converse*, 111 Wis. 2d 418, 427, 331 N.W.2d 350 (1983). The second element requires that the defendant obtain some collateral advantage. *Wis. Pub. Serv. Corp.*, 2009 WI App 30, ¶ 19.

Lim's complaint asserts that Hellenbrand and Koritzinsky's purpose in the state eviction action was to *enforce* the lease provisions and Hellenbrand's rights under landlord/tenant law, which is what the eviction process was designed to do. Moreover, even if Hellenbrand had some other (unknown) motive behind bringing the case other than enforcing the lease, Lim alleges nothing suggesting that Hellenbrand and Koritzinsky

12

misused the process or obtained any collateral advantage. Lim admits that the "gist" against Koritzinsky is his omission in serving a written notice of appearance in the eviction action (Doc. 41 at 3), and this court sees no great harm in that conduct. What Lim asserts is that Hellenbrand simply exercised the execution rights awarded to him in the eviction action and Koritzinsky merely appeared in court as an attorney is expected to do.

As for the electric bill issue involving Hellenbrand, that matter is so unrelated to the only federal claims in the case (discussed below) that the court finds no supplemental jurisdiction under 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."). The electric bill issue is unrelated to Thiel's arrest of Lim; it is not part of the same case or controversy.

The motions to dismiss filed by Hellenbrand and Koritzinsky will be granted. Further, based on this conclusion, the court will deny as moot Lim's motions for partial summary judgment and amended motions for partial summary judgment against Koritzinsky and Hellenbrand and Koritzinsky's motion to strike the motion for partial summary judgment.

CLAIMS AGAINST JC PROPERTY

Lim's claims against JC Property fail under the *Rooker-Feldman* doctrine for the reason applicable to the claims against Hellenbrand. Lim asserts that JC Property's actions constituted conversion, trespass, interference with his contract with Hellenbrand, intentional infliction of emotional distress, aiding and abetting, and conspiracy. However, JC Property was acting pursuant to the eviction judgment and writ of execution when it removed Lim's property from the apartment. Thus, any claim against JC Property relates

13

to its removal of property from Lim's apartment would draw into question the validity of the eviction judgment and writ of execution, which this court cannot review. As for the claims of aiding and abetting or conspiracy, there is no connection whatsoever between JC Property and the claims involving Thiel (discussed below) that survive the motion to dismiss. Therefore, all claims against JC Property will be dismissed.

REQUEST FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST WALKER AND THIEL AND MOTION TO DISMISS BY WALKER AND THIEL

The complaint's factual allegations against Walker and Thiel read as follows:

3. Defendant Scott Walker . . . is the sitting Governor of Wisconsin with the official address at Office of Governor, 115 East Capitol, Madison, WI 53702.

. . . .

9. Defendant Shelly Thiel, is a police officer of University of Wisconsin-Madison, police department. She is a resident of Wisconsin.

. . . .

36. Defendant Walker caused Defendant Thiel who is a police officer from University of Wisconsin-Madison and on March 22nd, 2012 at about 3.47 pm to falsely arrest plaintiff from the lobby of the law building and falsely imprison plaintiff totaling 2 hours and 47 minutes at the dane county jail, madison [sic]. Defendant Thiel approached plaintiff and stated that she was investigating a complaint of harassment. Plaintiff asked her who the complainant and time and place of the alleged complaint which took place. Defendant Thiel refused. There was no way to answer Defendant Thiel if plaintiff was not informed about what Defendant Thiel was trying to investigate. There was no probable cause for arrest as there is no crime committed which allows her to arrest plaintiff. At the Dane County jail she later told plaintiff that plaintiff would be charged with disorderly conduct. There [sic] accusation was baseless and the arrest and imprisonment were carried out in bad [sic]. The defendants were trying to block plaintiff from proceeding in the Seventh Court of Appeals by seizing plaintiff's computer from plaintiff's possession. The defendants made changes to the plaintiff's laptop computer which they had seized.

14

(Doc. 1 at 2, 3, 10.) Lim asserts that Walker's and Thiel's actions constituted false arrest, a Fourth Amendment violation, intentional infliction of emotional distress, interference with Lim's contract with Hellenbrand, aiding and abetting, and conspiracy.

Lim filed proofs of service indicating that designees Daniel Posca for Walker and Marcia Manson for Thiel were served with the complaint and a summons on March 29, 2012 (Docs. 30, 31), yet as of April 24 neither Walker nor Thiel had answered or filed any Rule 12(b) motion. On April 24, 2012, Lim asked for entry of default against defendants Walker and Thiel. (Doc. 26.) Walker and Thiel did not file their motion to dismiss until May 4, 2012, which, if service on the designees was valid, was over two weeks late. Neither Walker nor Thiel sought leave to file a tardy response to the complaint.

On May 17, 2012, Lim again sought entry of default and in addition moved for default judgment against Walker and Thiel. To date, the clerk of court has not entered default.

Lim's motion for entry of default and default judgment against Walker will be denied and Walker's motions to dismiss will be granted. The granting of default judgment is within the court's discretion. *See* Fed. R. Civ. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment."); *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010). To obtain default judgment, the plaintiff must have a valid claim in the first place. That is not so here. As stated above, a complaint must set forth sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570. The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads [him]self out of court." *Concentra Health Servs., Inc.*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14).

15

And legal conclusions and conclusory allegations merely reciting the elements of a claim are not sufficient. *Iqbal*, 556 U.S. at 681.

Lim's complaint fails to state a plausible claim against Walker because it consists of mere conclusions and because his conclusions are speculative and implausible. Absent are any facts suggesting that Governor Walker knows, was in communication with, or directed Officer Thiel in her interactions with Lim. Moreover, the doctrine of respondeat superior does not apply to § 1983 claims such as the instant Fourth Amendment claim. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The personal responsibility requirement of § 1983 is satisfied if the conduct of an official causing the constitutional deprivation occurs at his direction or with his knowledge and consent. *Id.*

Nothing in the complaint discloses personal involvement by Walker. The complaint merely states that Walker, the Governor of the State of Wisconsin, caused Thiel, a University of Wisconsin-Madison police officer, to arrest him. There is no mention of how or why Walker would have any supervisory responsibility regarding Thiel, whose supervisors are presumably in the UW police department or within the University of Wisconsin rather than the Governor's office. According to Lim's declaration, Thiel approached him on March 22, 2012, and another female officer was present at least part of the time. (Doc. 4 at 2.) Nothing indicates that Walker was present or had any connection to the incident other than that Lim called Walker a "'mother-f*er.'" (*Id.*) The thin accusation that Walker "caused" Thiel to act is a mere conclusory statement reciting the

16

element necessary to draw Walker into the case. As such, it is insufficient under *Bell Atlantic* and *Iqbal*.

As for any other claims of intentional infliction of emotional distress or interference with Lim's lease, the complaint is devoid of facts showing any tie between Walker and the Hellenbrand eviction action.

Legal conclusions, bare assertions, and conclusory allegations are not enough to state a plausible claim. The doctrine of *Younger* abstention, from *Younger v. Harris*, 401 U.S. 37 (1971), "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Thus, even though Walker failed to timely challenge the complaint (assuming service of process on Posca was effective as to Walker), the court will grant Walker's motion to dismiss.

However, the result is different as to Thiel. To state a claim for relief under 42 U.S.C. § 1983 Lim must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Waubanascum v. Shawano Cnty.*, 416 F.3d 658, 665 (7th Cir. 2005). The second element is met as to Thiel who is described as a UW police officer. And although the allegations regarding the first element are meager, they are sufficient to withstand Thiel's motion to dismiss.

The complaint charges that Thiel approached Lim while he was on the University of Wisconsin campus and told him she was investigating a complaint of harassment, and when Lim questioned her about the complaint she arrested Lim without probable cause.

17

These contentions must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972).

Although Thiel could likely stop Lim and investigate the harassment complaint under *Terry v. Ohio*, 392 U.S. 1 (1968), she needed probable cause to arrest, *see Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 878 (7th Cir. 2012). Probable cause requires facts within the officer's knowledge that "would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Id.* at 878-79 (internal quotation marks omitted). Nonetheless, liberally construed, the complaint alleges that Lim was merely present at the UW law school when Thiel arrived to investigate a complaint, Thiel arrested him after asking about the complaint, and such questioning by Lim did not provide probable cause justifying arrest.

Thiel argues that "[t]his court has dismissed a nearly identical allegation by Lim against a different officer," citing a line in *Lim v. Courtcall, Inc.*, Case No. 11-C-748, that "one non-frivolous claim adrift in a sea of frivolousness is not a plausible claim." That statement, made in a separate case by Judge Randa rather than this court, does not mandate dismissal of the instant complaint. In *Courtcall*, Judge Randa noted that Lim was close to stating a claim for false arrest against Officer Christian. *Lim v. Courtcall, Inc.*, No. 11-C-748, slip op. at 4 (E.D. Wis. Nov. 17, 2011). However, the accusations against Christian were slightly more vague—involving "purported" interrogation and Christian "falsely retaining" Lim. Here, Lim has asserted just enough to survive the motion to dismiss. The § 1983 claim may continue, as may the state-law false arrest claim based on the same facts.

18

On the other hand, the claims against Thiel for interference with Lim's contract with Hellenbrand and intentional infliction of emotional distress, aiding and abetting, and conspiracy will be dismissed. Nothing in the complaint states any plausible claims on those legal theories or suggests any connection between Thiel, the contract with Hellenbrand or the eviction. Also, a claim for intentional infliction of emotional distress requires that: (1) the defendant intended to cause emotional distress by his or her conduct; (2) the conduct was extreme and outrageous; (3) the conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) the plaintiff suffered an extreme disabling response to the defendant's conduct. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis.2d 486, ¶ 33, 627 N.W.2d 795, ¶ 33. There is no indication that Thiel's interaction with Lim involved extreme or outrageous conduct. Thus, Thiel's motion to dismiss will be granted as to all claims other than the § 1983 Fourth Amendment and false arrest claims.

That leaves Lim's motion for entry of default and default judgment against Thiel. Because it is not clear that service on Marcia Manson constituted service on Thiel in her individual capacity this motion will be denied. Further, Lim failed to provide evidence that Thiel is not covered by the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-596, which protects servicemembers against default judgments. Section 521 provides that in any action in which an individual fails to appear, before any default judgment can be entered the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" or else stating that the plaintiff has been unable to determine whether the defendant is in the military service. 50 U.S.C. App. § 521.

19

Meanwhile, Thiel has not properly moved for leave to file a tardy answer or other response. Counsel for Thiel mentions in one brief that she mistook the due date for an answer in this case for the date a brief was due in another of Lim's cases, and notes that her response to Lim's amended complaint was filed timely. (Doc. 69 at 2 n.3.) But the amended complaint has been disregarded, and a formal motion for leave to file a tardy response to the original complaint has not been filed.

AGENCY, CONSPIRACY AND AIDING AND ABETTING ALLEGATIONS

In his complaint Lim submits that all of the defendants were the agents and employees of each other, conspired with each other to commit each of the injuries he claims facilitated and assisted each other, and acted jointly. However, none of the factual allegations provide the barest hint of any such agency, conspiracy, facilitation, or joint action between Thiel and the other defendants. All claims of conspiracy or aiding and abetting will be dismissed. Thus, all claims against all defendants other than Thiel are dismissed and the only claims remaining against Thiel are the Fourth Amendment and false arrest claims.

RULE 11 ORDER TO SHOW CAUSE

Under Fed. R. Civ. P. 11(b), when an attorney or an unrepresented litigant presents any pleading, motion, or other document to the court, he or she

certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

20

> (3)     the factual contentions have evidentiary support . . . .

The court may raise a violation of Rule 11(b) on its own through an order to show cause. Fed. R. Civ. P. 11(c)(2).  If, after notice and an opportunity to respond, the court determines that Rule 11(b) has been violated, it may sanction the attorney or unrepresented party. Fed. R. Civ. P. 11(c)(1).  The sanction may be whatever suffices to deter repetition of the conduct, including monetary penalties, nonmonetary directives, or, if imposed on motion by another party, payment of attorney's fees and expenses resulting from the violation.  Fed. R. Civ. P. 11(c)(4).

This court has presided over five of Lim's cases.  Two have been dismissed previously on failure of service, lack of personal jurisdiction, or failure to state a claim.  This case drew twenty-two defendants into needless litigation.  In the cases decided by the court so far Lim has sued defendants who have little to nothing to do with the others, making broad accusations of conspiracy.  Moreover, Lim named many defendants without providing factual allegations against them.  For example, Mitt Romney and Judge Randa were named in the caption of this case, yet the body of the complaint failed to mention them.  And the claims against Hellenbrand and Koritzinsky were so far removed from those against Thiel that including them together in one case was frivolous.  Moreover, Lim maintains a frivolous insistence that certain benign actions amount to actionable claims. For instance, he focuses on harm that Koritzinsky caused him by not serving a notice of appearance in the eviction action, yet the state court allowed Koritzinsky to so appear in that case which has been concluded in state court.  What legally cognizable claim could possibly arise, and even if a claim existed how would it not be barred by the *Rooker-Feldman* doctrine?

21

Before this court was assigned five of Lim's cases, other judges in this district had deemed several of his lawsuits frivolous. *See, e.g.*, *Lim v. Staples Inc.*, No. 11-C-866 (E.D. Wis. dismissed Nov. 17, 2011) (Randa, J.); *Lim v. Courtcall Inc.*, No. 11-C-748 (E.D. Wis. dismissed Nov. 17, 2011) (Randa, J.); *Lim v. Walker*, No. 11-C-708 (E.D. Wis. dismissed Sept. 14, 2011) (Adelman, J.). Therefore, this court will issue an order to show cause as to why Lim should not be found in violation of Rule 11 for his filings in this case and sanctioned monetarily or through restrictions on his filings in the Eastern District of Wisconsin.

CONCLUSION

IT IS ORDERED that Lim's motion for TRO (Doc. 2) is denied.

IT IS ORDERED that the docket and any future caption (such as the final judgment) is amended to change Ray Koritzinsky to Jay Koritzinsky and Shelly Theil to Shelly Thiel.

IT IS ORDERED that Lim's proposed amended complaint (Doc. 58) is rejected.

IT IS ORDERED that Lim's motion to set aside service of the state defendants' motion to dismiss (Doc. 62) is denied.

IT IS ORDERED that Van Hollen's motion to dismiss and stay and the other state defendants' second motion to dismiss and motion to stay (Doc. 69), aimed at the proposed amended complaint, are denied as moot.

IT IS ORDERED that the motion to dismiss the original complaint filed by Walker and the state senators (Doc. 43) is granted as to those defendants (but not as to Thiel) for failure to state a claim.

IT IS ORDERED that all claims against defendants Randa and Romney and Does 1 through 18 are dismissed for failure to state a claim.

22

IT IS ORDERED that Koritzinsky's motion to dismiss (Doc. 20) is granted.

IT IS ORDERED that Hellenbrand's motion to dismiss (Doc. 45) is granted.

IT IS ORDERED that Lim's motion and second motion for partial summary judgment against Hellenbrand and Koritzinsky (Docs. 13, 33) and Lim's amended motion and amended second motion for partial summary judgment against Hellenbrand and Koritzinsky (Docs. 59, 60), plus Koritzinsky's motion to strike the motion for partial summary judgment (Doc. 23) are denied as moot.

IT IS ORDERED that all claims against JC Property are dismissed.

IT IS ORDERED that Lim's motion for default judgment against Walker and Thiel (Doc. 63) is denied.

IT IS ORDERED that Thiel's motion to dismiss (Doc. 43) is denied as to the § 1983 and false arrest claims and granted as to all other claims.

In sum, all claims against all defendants other than Thiel are dismissed and all claims against Thiel other than the § 1983 Fourth Amendment claim and the false arrest claim are dismissed.

Finally,

IT IS ORDERED that on or before August 14, 2012, Lim show cause in writing why he should not be found in violation of Fed. R. Civ. P. 11(b) and sanctioned accordingly. Lim's response to the order to show cause should not exceed ten pages, double-spaced.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

23